**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NATHAN JOHNSON, RACHEL DeBAUN, NATHAN MOORE, and SHAWN DERRICK, on behalf of themselves as well as a Class of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>LOANDEPOT.COM, LLC,<br><br>Defendant. | Civil Action No. 1:25-CV-02294-JRR |

**LOANDEPOT.COM LLC'S ANSWER**
**TO THE FIRST AMENDED COMPLAINT**

As its Answer to Plaintiffs' First Amended Complaint and Jury Demand ("Complaint"), Defendant loanDepot.com, LLC ("Defendant" or "loanDepot") states as follows:

## NATURE OF THE ACTION

1. In response to Paragraph 1, loanDepot admits that Plaintiffs have brought a putative class action. Except as expressly admitted herein, loanDepot denies the allegations in Paragraph 1.
2. loanDepot denies the allegations in Paragraph 2.
3. loanDepot denies the allegations in Paragraph 3.
4. The first sentence of Paragraph 4 contains Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in the first sentence of Paragraph 4. loanDepot denies the remaining allegations in Paragraph 4.
5. loanDepot denies the allegations in Paragraph 5.

6. To the extent the second sentence of Paragraph 6 purports to quote, summarize, or characterize the contents of forms as including the language "under penalty of perjury," loanDepot refers Plaintiffs to the contents of the forms. To the extent the allegations differ in any way from the contents of the forms, loanDepot denies the allegations. loanDepot denies the remaining allegations in Paragraph 6.

7. loanDepot denies the allegations in Paragraph 7.

## THE PARTIES

8. loanDepot lacks knowledge or information sufficient to form a belief as to the allegations of the first sentence of Paragraph 8 and therefore denies the allegations. loanDepot admits that Nathan Johnson obtained a loan from loanDepot; loanDepot lacks knowledge or information sufficient to form a belief as to the allegation that the loan obtained was indeed intended and used for personal, family or household purposes, and on that basis, loanDepot denies the allegation. The remaining allegations of Paragraph 8 contain Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the remaining allegations in Paragraph 8.

9. loanDepot lacks knowledge or information sufficient to form a belief as to the allegations of the first sentence of Paragraph 9 and therefore denies the allegations. loanDepot admits that Rachel DeBaun obtained a loan from loanDepot; loanDepot lacks knowledge or information sufficient to form a belief as to the allegation that the loan obtained was indeed intended and used for personal, family or household purposes, and on that basis, loanDepot denies the allegation. The remaining allegations of Paragraph 9 contain Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is

required. To the extent a response is required, loanDepot denies such remaining allegations in Paragraph 9.

10. loanDepot lacks knowledge or information sufficient to form a belief as to the allegations of the first sentence of Paragraph 10 and therefore denies the allegations. loanDepot admits that Nathan Moore obtained a loan from loanDepot; loanDepot lacks knowledge or information sufficient to form a belief as to the allegation that the loan obtained was indeed intended and used for personal, family or household purposes, and on that basis, loanDepot denies the allegation. The remaining allegations of Paragraph 10 contain Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies such remaining allegations in Paragraph 10.

11. loanDepot lacks knowledge or information sufficient to form a belief as to the allegations of the first sentence of Paragraph 11 and therefore denies the allegations. loanDepot admits that Shawn Derrick obtained a loan from loanDepot; loanDepot lacks knowledge or information sufficient to form a belief as to the allegation that the loan obtained was indeed intended and used for personal, family or household purposes, and on that basis, loanDepot denies the allegation. The remaining allegations of Paragraph 11 contain Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies such remaining allegations in Paragraph 11.

12. loanDepot denies that its principal place of business is located at 26642 Towne Center Drive, Foothill Ranch, Orange County, California. loanDepot denies that

loanDepot.com, LLC is a wholly owned subsidiary of loanDepot, Inc. via its holding company LD Holdings. loanDepot admits the remaining allegations in Paragraph 12.

## JURISDICTION AND VENUE

13. The allegations in Paragraph 13 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 13.
14. The allegations in Paragraph 14 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 14.
15. The allegations in Paragraph 15 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 15.

## FACTUAL ALLEGATIONS

*The Loan Officer Compensation Rule (Rate-Based Compensation Ban) (12 C.F.R. 1026.36)*

16. loanDepot admits that the loan officer compensation rule was established through Dodd-Frank. The remaining allegations in Paragraph 16 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies such remaining allegations in Paragraph 16.
17. loanDepot admits that the language quoted in Paragraph 17 appears at the cited portion of the Federal Register. The quoted language speaks for itself. loanDepot denies Plaintiffs' characterization or implication of that language and denies any legal conclusions based thereon. The remaining allegations in Paragraph 17 are Plaintiffs' own characterizations,

arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies such remaining allegations in Paragraph 17.

18. loanDepot admits that the language quoted in Paragraph 18 appears at the cited portion of the Federal Register. The quoted language speaks for itself. loanDepot denies Plaintiffs' characterization or implication of that language and denies any legal conclusions based thereon. The remaining allegations in Paragraph 18 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies such remaining allegations in Paragraph 18.

19. loanDepot denies the allegation that the portion of the Federal Register cited in Paragraph 19 reflects the views of the Federal Reserve Board. The remaining allegations in Paragraph 19 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 19.

20. loanDepot admits that the language quoted in Paragraph 20 appears at the cited portion of the Code of Federal Regulations. The quoted language speaks for itself. loanDepot denies Plaintiffs' characterization or implication of that language and denies any legal conclusions based thereon. The remaining allegations in Paragraph 20 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies such remaining allegations in Paragraph 20.

21. loanDepot admits that the language quoted in Paragraph 21 appears at the cited portion of the Code of Federal Regulations. The quoted language speaks for itself. loanDepot denies Plaintiffs' characterization or implication of that language and denies any legal

conclusions based thereon. The remaining allegations in Paragraph 21 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies such remaining allegations in Paragraph 21.

22. loanDepot admits that the language quoted in Paragraph 22 appears at the cited portion of the Code of Federal Regulations. The quoted language speaks for itself. loanDepot denies Plaintiffs' characterization or implication of that language and denies any legal conclusions based thereon. The remaining allegations in Paragraph 22 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies such remaining allegations in Paragraph 22.

23. loanDepot admits that the language quoted in Paragraph 23 appears at the cited portion of the Federal Register. The quoted language speaks for itself. loanDepot denies Plaintiffs' characterization or implication of that language and denies any legal conclusions based thereon. loanDepot denies the allegation that it attempted to circumvent any rules. The remaining allegations in Paragraph 23 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies such remaining allegations in Paragraph 23.

24. loanDepot admits that the language quoted in Paragraph 24 appears at the cited portion of the Federal Register. The quoted language speaks for itself. loanDepot denies Plaintiffs' characterization or implication of that language and denies any legal conclusions based thereon. loanDepot denies the allegation that it attempted to or violated any rules. The remaining allegations in Paragraph 24 are Plaintiffs' own characterizations, arguments, or

legal conclusions to which no response is required. To the extent a response is required, loanDepot denies such remaining allegations in Paragraph 24.

25. loanDepot admits that the language quoted in Paragraph 25 appears at the cited portion of the Federal Register. The quoted language speaks for itself. loanDepot denies Plaintiffs' characterization or implication of that language and denies any legal conclusions based thereon. The remaining allegations in Paragraph 25 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies such remaining allegations in Paragraph 25.

26. The allegations in Paragraph 26 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 26.

27. The allegations in Paragraph 27 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 27.

*loanDepot's Illegal Commission Structure Scheme*

28. loanDepot denies the allegations in Paragraph 28.

29. loanDepot denies the allegations in Paragraph 29.

30. The allegations in Paragraph 30 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 30.

31. loanDepot admits the allegation of Paragraph 31 that Exhibit A provides for a 120-basis-point incentive rate for certain qualified loans and a 30-basis-point incentive for certain Permitted Loan Transfers. Exhibit A speaks for itself. loanDepot denies any

characterization or implication inconsistent with Exhibit A and denies the remaining allegations in Paragraph 31.

32. loanDepot admits the allegation of Paragraph 32 that Exhibit A identifies certain circumstances constituting Permitted Loan Transfers, including extended absences and customer-requested transfers. Exhibit A speaks for itself. loanDepot denies Plaintiffs' characterization of any such transfer as a "Sham Transfer" and denies the remaining allegations in Paragraph 32.

33. The allegations in the first sentence of Paragraph 33 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations. loanDepot further denies the remaining factual allegations and characterizations in Paragraph 33.

34. loanDepot admits that the hearing transcript cited by Paragraph 34 contains the language quoted in Paragraph 34. The transcript speaks for itself. loanDepot denies Plaintiffs' characterization or implication of that testimony and denies any legal conclusions based thereon.

35. loanDepot denies Paragraph 35's allegation that a former loan officer described these transfers as "smoke and mirrors," verbatim. loanDepot denies that the first question-and-answer pairing purportedly quoted in Paragraph 35 ("Q: Okay. Now, when a loan was transferred in name to an ILC, was there an actual change in who did the work? A: No.") in fact appears at the portion of Exhibit G cited in footnote 4 or, indeed, anywhere in Exhibit G to the Complaint. loanDepot otherwise admits that the remaining portions of the hearing transcript cited by Paragraph 35 contain the language quoted in Paragraph 35. The transcript speaks for itself. loanDepot denies Plaintiffs' characterization or

implication of that testimony and denies any legal conclusions based thereon. loanDepot denies any implication in footnote 5 that Exhibit G is a transcript of a hearing held in *loanDepot.com, LLC v. Movement Mortg., LLC*, No. 23-0681 (D. Del.).

36. loanDepot denies Paragraph 36's implication that these transfers had been described as "smoke and mirrors," verbatim. loanDepot admits that the declaration cited by Paragraph 36 contains the language quoted in Paragraph 36 generally, though loanDepot denies that the language quoted in Paragraph 36 appears at paragraphs 4-6 of such declaration or that there exists a paragraph 6 to the cited declaration. The declaration speaks for itself. loanDepot denies Plaintiffs' characterization or implication of the declaration and denies the remaining allegations in Paragraph 36.

37. loanDepot admits that the declaration cited by Paragraph 37 contains the language quoted in Paragraph 37. The declaration speaks for itself. loanDepot denies Plaintiffs' characterization or implication of the declaration and denies the remaining allegations in Paragraph 37.

38. loanDepot admits that the declaration cited by Paragraph 38 contains the language quoted in Paragraph 38. The declaration speaks for itself. loanDepot denies Plaintiffs' characterization or implication of the declaration and denies the remaining allegations in Paragraph 38.

39. loanDepot denies the allegations in Paragraph 39.

40. loanDepot admits that the email cited by Paragraph 40 contains the language quoted in Paragraph 40. The email speaks for itself. loanDepot denies Plaintiffs' characterization or implication of the email and denies that it establishes that ILC transfers were

undertaken for the purpose of unlawfully reducing loan-officer compensation based on loan terms. loanDepot denies the remaining allegations in Paragraph 40.

41. loanDepot admits that the testimony cited by Paragraph 41 contains the language quoted in Paragraph 41. The testimony speaks for itself. loanDepot denies Plaintiffs' characterization of that testimony and denies the remaining allegations in Paragraph 41.
42. loanDepot admits that Exhibits C, D, and E contain screenshots from loanDepot's Mello loan origination system. loanDepot denies that Exhibits C, D, and E establish that "loan officers understood and followed these instructions for a Sham Transfer before requesting pricing exceptions." loanDepot denies the remaining allegations in Paragraph 42.
43. loanDepot admits that Exhibit F is the April 27, 2021 email thread referenced in Paragraph 43. Exhibit F speaks for itself. loanDepot denies that Exhibit F "reflects the correlation between the pricing, the Sham Transfer to the ILC, and the reduction in the loan officer's commission." loanDepot denies the remaining allegations in Paragraph 43.
44. loanDepot denies the allegations in Paragraph 44.
45. loanDepot admits that it offers bonuses and other rewards to high-performing loan officers. loanDepot denies the remaining allegations in Paragraph 45.
46. loanDepot denies the allegations in Paragraph 46.

*loanDepot's Fraudulent Concealment of its Proxy*

47. The allegations in the first sentence of Paragraph 47 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies those allegations. As to the second sentence of Paragraph 47, loanDepot denies Plaintiffs' characterization of the testimony from loan

officers and loanDepot executives, including that the alleged correlation existed, and further denies any remaining allegations of Paragraph 47.

48. loanDepot admits that it maintained policies and forms governing Permitted Loan Transfers. loanDepot denies Plaintiffs' characterization of those materials and denies the remaining allegations in Paragraph 48.

49. loanDepot admits that the email cited by Paragraph 49 and attached to the Complaint as Exhibit F was an April 27, 2021 email from M. Alexander to B. Covey. The email speaks for itself. loanDepot denies Plaintiffs' characterization of the email and denies the remaining allegations in Paragraph 49.

50. loanDepot denies the allegations in Paragraph 50.

51. loanDepot lacks knowledge or information sufficient to admit or deny the allegations concerning the statements attributed to Jeremy Boerdner and therefore denies them. loanDepot denies that its policies or practices instructed or encouraged loan officers to falsify Permitted Loan Transfer forms. loanDepot denies the remaining allegations in Paragraph 51.

52. loanDepot lacks knowledge or information sufficient to admit or deny the allegations concerning the statements attributed to Chris Holloway and therefore denies them. loanDepot denies that its policies or practices instructed or encouraged loan officers to falsify Permitted Loan Transfer forms. loanDepot denies the remaining allegations in Paragraph 52.

53. loanDepot denies the allegations in Paragraph 53.

54. loanDepot admits that certain loan officers received honors for their work. loanDepot denies that it knowingly ignored improper customer-requested transfers or that any

recognition or award provided to loan officers demonstrates that such transfers were improper or that loanDepot knowingly concealed misconduct. loanDepot denies the remaining allegations in Paragraph 54.

55. loanDepot admits that the language quoted in footnote 14 to Paragraph 55 appears at the cited portion of the Code of Federal Regulations. The quoted language speaks for itself. loanDepot denies Plaintiffs' characterization or implication of that language and denies any legal conclusions based thereon. loanDepot denies the remaining allegations in Paragraph 55.

56. loanDepot denies the allegations in Paragraph 56.

57. loanDepot admits that the declaration cited by Paragraph 57 contains the language quoted in Paragraph 57. The declaration speaks for itself. loanDepot denies the remaining allegations in Paragraph 57.

58. loanDepot admits that the S-1 filing cited by Paragraph 58 contains the language quoted in Paragraph 58. The S-1 filing speaks for itself. loanDepot denies Plaintiffs' characterization or implication of the filing and denies the remaining allegations in Paragraph 58.

59. loanDepot admits that the SEC filings cited by Paragraph 59 contain the language quoted in Paragraph 59. The filings speak for themselves. loanDepot denies Plaintiffs' characterization or implication of those filings and denies the remaining allegations in Paragraph 59.

60. loanDepot admits that the SEC filings cited by Paragraph 60 contain the language quoted in Paragraph 60. Each filing speaks for itself. loanDepot denies the remaining allegations in Paragraph 60.

61. loanDepot admits that the SEC filings cited by Paragraph 61 contain the language quoted in Paragraph 61. Each filing speaks for itself. The allegations in the final sentence of Paragraph 61 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies such allegations.

62. loanDepot denies the allegations in Paragraph 62.

63. The allegations in Paragraph 63 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 63.

64. To the extent Paragraph 64 states a legal conclusion concerning the Rate-Based Compensation Ban, loanDepot denies that conclusion. loanDepot denies that it engages in any illegal practices or uses an illegal commission structure scheme. loanDepot lacks knowledge or information sufficient to admit or deny the remaining factual allegations in Paragraph 64 and therefore denies them.

65. loanDepot lacks knowledge or information sufficient to admit or deny the allegations concerning statements allegedly made by Michelle Alexander, John Bianchi, or other loanDepot managers or executives regarding the lawfulness or CFPB approval of loanDepot's compensation practices and therefore denies those allegations. The allegations in the final sentence of Paragraph 65 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies such allegations.

*<u>loanDepot's Actions Harmed Plaintiffs and the Class</u>*

66. loanDepot denies the allegations in Paragraph 66.

67. The allegations in Paragraph 67 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 67.

68. The allegations in Paragraph 68, including subparts (a) through (f), are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 68, including subparts (a) through (f).

## FACTUAL ALLEGATIONS RELATED TO THE INDIVIDUAL CLASS REPRESENTATIVES

69. loanDepot admits that Nathan Johnson obtained a loan from loanDepot relating to the referenced property. loanDepot denies the allegation that Nathan Johnson obtained a loan from loanDepot on the date alleged.

70. loanDepot admits that Rachel DeBaun obtained a loan from loanDepot relating to the referenced property on or about the date alleged.

71. loanDepot admits that Nathan Moore obtained a loan from loanDepot relating to the referenced property on or about the date alleged.

72. loanDepot admits that Shawn Derrick obtained a loan from loanDepot relating to the referenced property on or about the date alleged.

73. loanDepot admits that Plaintiffs' loan documents were signed by the loan officer with whom they worked. loanDepot denies the remaining allegations in Paragraph 73, including that Plaintiffs paid higher interest rates or fees than were otherwise available, or that Plaintiffs were subjected to any unlawful steering.

74. loanDepot lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective knowledge, awareness, diligence, and communications with counsel or one another as alleged in Paragraph 74, and on that basis denies those allegations. loanDepot denies the remaining allegations in Paragraph 74, including that Plaintiffs were unaware of any purported practice or that their claims are timely.

## CLASS ACTION ALLEGATIONS

75. The allegations in Paragraph 75 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 75 and denies that a class should be certified.

76. The allegations in Paragraph 76 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 76, including subparts (a) through (g), and denies that common questions predominate or that class treatment is appropriate.

77. The allegations in Paragraph 77 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 77.

78. loanDepot denies the allegations in Paragraph 78.

79. The allegations in Paragraph 79 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 79.

80. The allegations in Paragraph 80 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required,

loanDepot admits that loanDepot uses a loan origination software system known as Mello in the ordinary course of business. loanDepot denies the remaining allegations in Paragraph 80.

81. The allegations in Paragraph 81 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 81, including that Plaintiffs or any Class member is entitled to any damages.

82. The allegations in Paragraph 82 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 82.

83. loanDepot denies any characterization in the Complaint to "Plaintiffs' counsel" to the extent it includes attorneys from the law firm of Mitchell Sandler PLLC—signatories to the Complaint—as these attorneys have since been disqualified entirely from the case and thus no longer represent the putative class and its interests. The remaining allegations in Paragraph 83 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot lacks knowledge or information sufficient to form a belief as to such remaining allegations in Paragraph 83 and, on that basis, denies them.

84. The allegations in Paragraph 84 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot lacks knowledge or information sufficient to form a belief as to the size of the alleged Class and, on that basis, denies the allegations in Paragraph 84.

85. The allegations in Paragraph 85 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 85.

86. The allegations in Paragraph 86 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 86 and denies that a class action is superior to other available methods of adjudication.

87. loanDepot lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 87 and, on that basis, denies them.

88. The allegations in Paragraph 88 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 88.

## COUNT I

### Violation of the Truth in Lending Act
### 15 USC § 1639b(c)

89. loanDepot repeats and incorporates by reference its responses to the preceding paragraphs as though fully set forth herein.

90. The allegations in Paragraph 90 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 90.

91. The allegations in Paragraph 91 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 91.

92. The allegations in Paragraph 92 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 92.

93. loanDepot denies the allegations in Paragraph 93.

94. loanDepot denies the allegations in Paragraph 94.

95. loanDepot denies the allegations in Paragraph 95.

96. The allegations in Paragraph 96 are Plaintiffs' own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, loanDepot denies the allegations in Paragraph 96, including subparts (a) through (c), and denies that Plaintiffs or any Class member is entitled to any relief.

## PRAYER FOR RELIEF

The Prayer for Relief sets forth Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, loanDepot denies that Plaintiffs or any Class member is entitled to any of the relief requested, including certification of the proposed Class, and denies that Plaintiffs are entitled to a jury trial on any triable issue to the extent no such issue exists.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiffs' claims are barred to the extent the Complaint was filed after the expiration of any applicable statute of limitations, statute of repose, or other applicable time bar.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiffs have waived the right, by reason of their conduct and actions, to assert the claims alleged against loanDepot.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands and In Pari Delicto)**

By reason of their conduct and actions, Plaintiffs' claims are barred by the doctrines of unclean hands and in pari delicto.

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

By reason of their conduct and actions, Plaintiffs' claims are barred by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

**(Consent/Ratification)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs consented to, ratified, or acquiesced in the conduct alleged in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Mitigation)**

Plaintiffs' right to recover under the Complaint, and each and every cause of action alleged therein, is barred in whole or in part by their failure to mitigate damages.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiffs' right to recover under the Complaint, and each and every cause of action alleged therein, is barred in whole or in part by the doctrine of laches because Plaintiffs delayed in pursuing the alleged claims, causing substantial prejudice to loanDepot.

**NINTH AFFIRMATIVE DEFENSE**

**(No Injury/Damages)**

Plaintiffs have not sustained any losses, damages, or detriment of any sum or amount whatsoever as a result of any alleged act, omission, or wrongdoing by loanDepot.

**TENTH AFFIRMATIVE DEFENSE**

**(Bona Fide Error)**

Plaintiffs' claims are barred, in whole or in part, because any violation of TILA alleged in the Complaint, to the extent one occurred, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, within the meaning of 15 U.S.C. § 1640(c).

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Statutory Damages Cap)**

Plaintiffs' and the putative Class members' recovery, if any, is limited by the statutory caps on damages set forth in 15 U.S.C. § 1640(a).

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Class Certification)**

This action is not appropriate for class treatment because Plaintiffs cannot satisfy the requirements of Fed. R. Civ. P. 23, including but not limited to ascertainability, numerosity, commonality, typicality, adequacy, predominance, and superiority.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Individualized Issues)**

Plaintiffs' and the putative Class members' claims are barred, in whole or in part, because the claims require individualized inquiries into each borrower's loan transaction, communications, and circumstances that are not susceptible to common, class-wide proof.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith Reliance on Regulatory Guidance)**

To the extent loanDepot's conduct is found to have violated any law or regulation, such conduct was undertaken in good faith reliance on applicable regulatory guidance, interpretations, or approvals.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(**Unjust Enrichment**)

Plaintiffs and the putative Class members would be unjustly enriched if they were permitted to recover any of the relief sought in the Complaint, including any award of actual or statutory damages, finance charges, or fees, in addition to the benefit of the mortgage loan proceeds and the use of the property secured by such loans.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Causation)**

Plaintiffs' and the putative Class members' claims are barred, in whole or in part, because any losses, damages, or injuries allegedly sustained were not proximately caused by any act or omission of loanDepot, but were caused, in whole or in part, by the acts or omissions of third parties, market conditions, or Plaintiffs' and Class members' own conduct.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

To the extent the Complaint seeks equitable or injunctive relief, such relief is barred because Plaintiffs and the putative Class members have an adequate remedy at law, including the statutory damages remedy available under 15 U.S.C. § 1640, and therefore cannot establish the elements necessary for equitable or injunctive relief.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(**Lack of Standing**)

The Complaint, and each and every claim alleged therein, is barred in whole or in part because Plaintiffs and/or one or more members of the putative class lack Article III standing, including because they cannot establish a concrete and particularized injury in fact fairly traceable to loanDepot's alleged conduct.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

The Complaint, and each and every claim alleged therein, is barred in whole or in part for lack of subject matter jurisdiction.

## TWENTIETH AFFIRMATIVE DEFENSE

**(Reservation of Rights)**

loanDepot presently lacks knowledge or information sufficient to form a belief as to whether it may have additional, as yet unstated affirmative defenses available. loanDepot reserves the right to assert additional affirmative defenses in the event discovery indicates that such defenses would be appropriate.

Dated: September 21, 2026

Respectfully submitted,

COOLEY LLP

By: */s/ David E. Mills*

David E. Mills (Bar No. 16654)
Michelle L. Rogers (*pro hac vice*)
Raymond P. Tolentino (*pro hac vice*)
Alexander J. Kasner (*pro hac vice application pending*)
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004-2400
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899
dmills@cooley.com
mrogers@cooley.com
rtolentino@cooley.com
akasner@cooley.com

*Attorneys for Defendant loanDepot.com, LLC*